Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, December 17, 2007 3:39:11 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                )
                      )
ALLEN B. SIMMS        )    Case No. 06-1206
                      )
    Debtor.           )    Chapter 13

## MEMORANDUM OPINION

Allen B. Simms (the "Debtor") objects to the $44,532.71 unsecured, non-priority proof of claim filed by eCast Settlement Corporation ("eCast") on the grounds that (1) the proof of claim was not supported by affidavits, notes, credit applications, account statements, or other type of written or printed documents, and (2) eCast filed the proof of claim on behalf of Bank of America/FIA Card Services, formerly MBNA, without providing a notice of assignment or a transfer of the claim.[1]  As a result, the

---

[1] The Debtor's objection to eCast's proof of claim states in relevant part:

3.    Debtor objects to the filing of the said Proof of Claim on the basis [that] the Proof of Claim was not supported by affidavits, assignments, notes, credit applications, account statements, or other type of written or printed document.

4.    Rule 3001(c) of the Bankruptcy Rules provides that when "a claim is based on a writing" the "original or a duplicate shall be filed with the proof of claim."  The claim filed by eCast in this case is fatally defective for failure to comply with this mandatory Rule.

5.    Debtor further objects to the filing of said proof of claim on the basis that no Notice of Assignment, Transfer or Sale of said claim has been filed.

(Document No. 59).

1

Debtor seeks entry of an order that strikes eCast's proof of claim, forbids it from further amending its claim, and that requires eCast to pay the Debtor's attorney's fees of $250.00.[2]

In response, eCast asserts that the Debtor acknowledged owing $41,406.74 to MBNA America on Schedule F of the Debtor's petition.  Also, eCast asserts that it properly provided an account summary in support of its proof of claim, which listed a telephone number that the Debtor could call for further information.  Furthermore, eCast contends that when an account is transferred before a proof of claim is filed, it is not required to include documentation of that transfer with its proof of claim.

**A.     Failure to Provide Sufficient Documentation**

The Debtor argues that the claim summary provided by eCast is insufficient on the grounds that Fed. R. Bankr. P. 3001(c) requires that, when a claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim."  Based on eCast's failure to attach the original or a duplicate of the writing, the Debtor requests that the court disallow eCast's entire claim.

Pursuant to 11 U.S.C. § 501, a creditor may file a proof of claim in a bankruptcy case.  As stated in § 502(a), "[a] claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest . . . objects."  To execute a proof of claim, Fed. R. Bankr. P. 3001(a) directs that the proof of claim be "a written statement setting forth a creditor's claim," and that it "shall conform substantially to the appropriate Official Form."  Also, when a proof of claim is based on a writing, Fed. R. Bankr. P. 3001(c) provides that "the original or duplicate shall be filed with the proof of claim."  In turn, Official Form 10 instructs the proof of claim filer to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements."  B 10 (Official Form 10) (12/07). The Form also instructs that the filer may attach a summary of those documents.  *Id.*   In the 1991 Committee Note to the Official Form, the drafters explain that a summary is appropriate if the documents that support the creditor's claim are voluminous.

---

[2] On Schedule F, the Debtor listed an undisputed debt to MBNA for $41,406.74.  When eCast filed its assigned claim from MBNA, it was in the amount of $44,532.71.  In the Debtor's claim objection, the Debtor did not aver that he did not owe the additional $3,125.97.

When a claim is executed and filed in accordance with the Bankruptcy Rules, then Rule 3001(f) provides that the proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). When the Rule 3001(f) presumption arises, the Bankruptcy Code establishes a burden shifting framework for the allowance or disallowance of that claim:

> The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir 2004). *See also* 11 U.S.C. § 502(b) (providing nine grounds on which to disallow a proof of claim); *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 127 S. Ct. 1199, 1204 (2007) ("[T]he court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b).").

In the absence of a properly documented claim under Fed. R. Bankr. P. 3001(c), however, the prima facie presumption as to validity and amount is not applicable. *E.g.*, *In re Tran*, 369 B.R. 312, 317 (S.D. Tex. 2007) ("In light of eCast's failure to comply with Rule 3001(c), eCast does not meet the requirements of Rule 3001(f) and thus their proofs of claim should not enjoy prima facie validity.").

The absence of the Rule 3001(f) presumption does not mean that a filed proof of claim is automatically disallowed; rather, the creditor is left with the burden of proof on the validity and amount of its claim at any further hearing. *E.g.*, *In re Prevatte*, No. 06-3131, 2007 Bankr. LEXIS 2363 at *4 (Bankr. D.S.C. Jan. 31, 2007) ("If written documentation is not attached to the proof of claim form then the proof of claim does not give rise to the presumption of validity and proof of the amount of the claim. This does not however result in automatic disallowance of the claim."); *In re Armstrong*, 320 B.R. 97, 104-05 (Bankr. N.D Tex. 2005) ("[L]ack of proper supporting documentation does not, in and of itself, result in a claim's disallowance; rather, it strips it of any prima facie validity, requiring the creditor to offer the supporting documentation to carry its burden of proof in the face of an objection."); 9 *Collier on Bankruptcy* ¶ 3001.09[1] (Alan N. Resnick & Henry J. Sommer, eds.,15th ed. rev. 2007) ("In order for a claim to be entitled to the weight afforded by Rule 3001(f), it must comply with the rules, including Rule 3001, and set forth the facts necessary to support the claim. . . . If the original proof of claim . . . lacks the

documentation necessary under Rule 3001 to establish a prima facie validity, the claimant may have the burden of establishing its claim . . . .").

The grounds for the disallowance of a proof of claim are specifically listed in 11 U.S.C. § 502 – not in the Bankruptcy Rules. Therefore, it is not enough for the Chapter 13 debtor to merely complain that the proof of claim filed by a creditor lacks sufficient documentation under the Bankruptcy Rules, the debtor must also assert a grounds for disallowance under § 502, as for example, by contesting the amount claimed to be owed. *E.g.*, *Cluff v. eCast Settlement*, No. 2:04-CV-978, 2006 U.S. Dist. LEXIS 71904 at *13 (D. Utah Sept. 29, 2006) (refusing to disallow a proof of claim when the presumption of validity in Rule 3001(f) did not apply; the debtor failed to raise any basis to disallow the proof of claim under § 502(b) of the Bankruptcy Code); *In re Moreno*, 341 B.R. 813, 819-20 (Bankr. S.D. Fla. 2006) ([T]his court will not tolerate attempts to obtain orders disallowing these claims if the only basis for the objection is lack of documentation."); *Perron v. eCAST Settlement Corp. (In re Perron)*, No. 05-8075, 2006 Bankr. LEXIS 2639 at *12 (B.A.P. 6th Cir. Oct. 13, 2006) (" 'The mere failure to comply with rules concerning the form and content of a proof of claim is not justification under the Bankruptcy Code to judicially invalidate a creditor's otherwise lawful claim.' ") (citation omitted); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 426 (B.A.P. 9th Cir. 2005) ("A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f) . . . but that itself is not a basis to disallow the claim. Section 502(b) sets forth the exclusive grounds for disallowance of claims, and Debtors have introduced no evidence or arguments to establish any of those grounds."); *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004) (refusing to disallow a claim based solely on lack of sufficient documentation because "Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies."); *In re Habiballa*, 337 B.R. 911, 916 (Bankr. E. D. Wis. 2006) ("[T]his Court will require the Debtor to come forward with some evidence to contradict the claim summary, even in the absence of a creditor's compliance with an information request."); *In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005) ("If there is no underlying factual dispute as to the validity, ownership or amount of a claim, a debtor or trustee has no basis for filing an objection for lack of documentation unless the debtor or trustee alleges a basis that would require reduction or disallowance

4

under § 502."); *In re Guidry*, 321 B.R. 712, 715 (Bankr. N.D. Ill. 2005) ("Because no ground has been asserted requiring disallowance [under § 502], eCast's claims are allowed over the debtor's objection [for lack of sufficient documentation] without further hearing . . . .[E]vidence of any kind – prima facie or otherwise – is a concern only at a hearing to resolve factual disputes. The debtor's claim objections raised no factual disputes requiring a hearing."); *In re Shank*, 315 B.R. 799, 801 (Bankr. N.D. Ga. 2004) ("There is no reason to require amendment of claims when, as here, there is no showing that there are any disputes about the debtor's liability on the claims or their amounts.").

Accordingly, the court will overrule the Debtor's objection that eCast failed to properly document its proof of claim because, even if the Debtor's objection to lack of proper documentation is proper under Rule 3001(c),[3] the Debtor has not raised any legal or factual dispute regarding the validity or amount of eCast's claim under § 502(b). Should the Debtor contest the validity or amount of eCast's proof of claim pursuant to § 502(b), then the evidentiary effect of eCast's purported failure to properly document its proof of claim will become relevant. At that time, the Debtor may request eCast to provide more that the summary it attached to its proof of claim. *E.g.*, *In re Steffens*, No. 04-62147-7, 2005 Bankr. LEXIS 3106 at *9 (Bankr. D. Mont. Aug. 26, 2005) ("[T]he filing of a summary 'does not relieve a creditor of its obligation to provide all documents supporting its claim upon request.' ") (citation omitted); *In re Schraner*, 321 B.R. 738, 740 (Bankr. D. Wash. 2005) (same).

**B.     Failure to Document Assignment**

The Debtor's second basis for objecting to eCast's proof of claim is that eCast failed to provide documentation reflecting that it was the holder of MBNA's claim against the Debtor. Based on this failure to document the purported assignment, the Debtor requests that eCast's $44,532.71 claim be disallowed. In response, eCast asserts that the transfer was effected before the proof of claim was filed, and, therefore, no requirement exists that it document the assignment of the claim.[4]

---

[3] Of course, eCast asserts that it properly documented its proof of claim. Whether or not this documentation is sufficient to give its claim a prima facie presumption of validity is not a necessary determination for the disposition of this matter.

[4] Attached to eCast's response is a general bill of sale and assignment of loans dated April 2, 2007, which references a January 31, 2005 agreement between eCast and FIA Card Services.

5

With regard to documenting the transfer or assignment of a proof of claim, the Bankruptcy Rules provide:

> (1) Transfer of a Claim Other than for Security Before Proof Filed. If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee.
> (2) Transfer of Claim Other Than for Security After Proof Filed. If a claim . . . has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. . . .

Fed. R. Bankr. P. 3001(e)(1-2).

Under Rule 3001(e), when a claim is transferred before the filing of a proof of claim, there is no requirement that evidence of the assignment or transfer be filed with the claim. *E.g.*, *In re Griffin*, No. 06-11130, 2007 Bankr. LEXIS 1748 at *5 (Bankr. W.D. Tex. May 17, 2007) ("Bankruptcy Rule 3001(e)(1) simply does not require evidence of the assignment or transfer if the transfer occurred before the proof of claim is filed."). Accordingly, this court will "not impose any additional requirement on a claim transferee that does not appear in the Rules of Bankruptcy Procedure or the statute itself." *Id.* Some courts have determined, however, that documentation of the assignment is required under Fed. R. Bankr. P. 3001(a) and (c) for the claim to be entitled to the prima facie presumption of validity under Rule 3001(f). *In re Armstrong*, No. 03-35406 (Bankr. N.D. Tex. Jan. 31, 2007) (requiring documentation of an assignment for a claim that was transferred under Rule 3001(e)(1)).

In this case, the Debtor has failed to allege that eCast's claim is invalid; thus, the Debtor has not asserted any basis on which the court can disallow eCast's proof of claim. Consequently, the court is not called upon to determine whether or not eCast must document the assignment of its proof of claim for that claim to be afforded the Rule 3001(f) presumption of validity, or whether the assignment eCast filed with its response is adequate.

**C.    Request for Attorney's Fees**

In addition to objecting to eCast's proof of claim and requesting that the court disallow it for eCast's purported failure to comply with the Bankruptcy Rules, the Debtor also requests that the court enter an order that requires eCast to pay the Debtor's attorney's fees of $250.00.

The American Rule regarding attorney's fees is that each party to litigation should bear their own

costs. *See, e.g.*, *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974) (explaining the basis for the American Rule). The American Rule on attorney's fees is in contrast to the rules used in "much of the rest of the industrialized world, including the courts of England, which operate on a 'loser pays' system in which the prevailing litigant recovers attorney's fees from the opponent as a matter of course." 10 *Moore's Federal Practice – Civil* § 54.170 (2007). Nevertheless, numerous exceptions to the American Rule exist, whereby the loser in civil litigation may be forced to pay the winner's attorney's fees. Common exceptions include contractual provisions allowing the shifting of fees, statutory provisions allowing for the shifting of fees, and awarding fees to compensate one party for the other's bad faith or vexatious conduct. *E.g.*, Fed. R. Civ. P. 11, Fed. R. Bankr. P. 9011 (sanctions for inappropriate representations to the court); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991) (recognizing the bad faith exception to the American Rule); *In re Auto Specialties Mfg. Co.*, 18 F.3d 358, 361 (6th Cir. 1994) (contractual fee shifting upheld).

In this case, the Debtor's objection to eCast's proof of claim is being overruled, and the Debtor has not indicated any basis for the court to depart from the American Rule on attorney's fees; thus, the fee request will be denied.

**D.   Conclusion**

For the reasons set forth in this Memorandum Opinion, the court will overrule the Debtor's objection to eCast's proof of claim without prejudice.[5] The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.

---

[5] Like any order allowing a claim, this determination may be reconsidered for cause pursuant to § 502(j) of the Bankruptcy Code.